UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMBLE TAYLOR,<br><br>                Plaintiff,<br>   v.<br><br>LOWE'S CORPORATION, a North Carolina corporation, doing business in Washington,<br><br>                Defendant. | CASE NO. 18-cv-5622-RJB<br><br>ORDER RENOTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS |

THIS MATTER comes before the Court on Plaintiff's Motion to Amend Complaint (Dkt. 52) and Plaintiff's Motion for Sanctions (Dkt. 53). The Court is familiar with the motions and the remainder of the record herein. For the reasons set forth below, Plaintiff's Motion to Amend Complaint and should be renoted to conform with the Local Rules, and Plaintiff's Motion for Sanctions should be dismissed without prejudice for failing to cite to the record.

1. **CAPTION AND NOTING DATE ERRORS IN PLAINTIFF'S MOTION TO AMEND**

Local Rule 7 provides, in part, the following:

ORDER RENOTING PLAINTIFF'S MOTION TO AMEND COMPLAINT AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR SANCTIONS - 1

**(b) Motions and Other Papers**

    (1) *Obligations of Movant*.

    ….

All motions shall include in the caption (immediately below the title of the motion) the date the motion is to be noted for consideration upon the court's motion calendar. See LCR 7(d) for scheduling motions and briefing deadlines. The noting date is the date by which all briefing is complete and the matter is ready for the court's consideration, although the court may not issue a ruling on that day. The form for this notation shall be as follows:

NOTE ON MOTION CALENDAR: [insert date noted for consideration]

    ….

**(d) Noting Dates for Motions and Briefing Schedules**

Unless otherwise provided by rule or court order, motions shall be noted for consideration as follows:

    (1) *Same Day Motions.* Stipulated motions (see LCR 10(g)), motions to file over-length motions or briefs (see LCR 7(f)), motions for reconsideration (see LCR 7(h)), joint submissions pursuant to the optional procedure established in LCR 37(a)(2), motions to appoint a mediator (LCR 39.1(c)(3)), motions for default (see LCR 55(a)), requests for the clerk to enter default judgment (see LCR 55(b)(1)), ex parte motions, motions for the court to enter default judgment where the opposing party has not appeared (see LCR 55(b)(2)), motions to recuse (see LCR3(f)), and motions for a temporary restraining order ("TRO") (see LCR 65) shall be noted for consideration for the day they are filed.

    (2) *Second Friday Motions.* Except for same day motions, all other motions shall be noted for consideration on a Friday. Pursuant to a General Order of this court, the following motions may be noted for consideration no earlier than the second Friday after filing and service of the motion:

        (A) motions for relief from a deadline; and

|  |  |
|---|---|
| 1 | (B) motions for protective orders; |
| 2 | For any motion brought pursuant to this subsection, the moving party shall ensure that the motion papers are received by the opposing party on or before the filing date. Unless otherwise provided by court rule, any papers opposing motions of the type described in this subsection shall be filed and received by the moving party no later than the Wednesday before the noting date. Any reply papers shall be filed, and shall be received by the opposing party, no later than the noting date. |
| 7 | (3) *Third and Fourth Friday Motions.* Motions to dismiss, motions for summary judgment, motions seeking a preliminary injunction, motions for class certification, and motions directed toward changing the forum (through remand, transfer, or to compel arbitration) shall be noted for consideration on a date no earlier than the fourth Friday after filing and service of the motion. With the exception of the motions specifically listed in LCR 7(d)(1), 7(d)(2), and 7(d)(3), all other motions shall be noted for consideration on a date no earlier than the third Friday after filing and service of the motion. |
| 13 | Any opposition papers shall be filed and served not later than the Monday before the noting date. If service is by mail, the opposition papers shall be mailed not later than the Friday preceding the noting date. Any reply papers shall be filed and served no later than the noting date. |

Local Rules W.D. Wash. LCR 7(b)(1), (d)(1)–(4).

Plaintiff's filings have repeatedly omitted a noting date in the caption and have been noted incorrectly. *See, e.g.,* Dkts. 43 (failing to provide any noting date in the caption and incorrectly noting the motion date); 44 (incorrectly noting the motion date); 52 (incorrectly noting the motion date as a Second Friday motion); and 53 (failing to provide any noting date in the caption and incorrectly noting the motion date). The Court will not countenance a pattern of failing to comply with basic court rules, particularly, where, as here, the parties are represented by counsel.

Therefore, in conformity with Local Rules W.D. Wash. LCR 7(d)(3), Plaintiff's Motion to Amend Complaint (Dkt. 52) should be renoted as a Third Friday Motion for March 13, 2020.

## 2. **CITATION ERRORS IN PLAINTIFF'S MOTION FOR SANCTIONS**

The Local Rules provide as follows:

> (6) *Citation to the Record*. In all cases where the court is to review the proceedings of an administrative agency, transcripts, deposition testimony, etc., the parties shall, insofar as possible, cite the page and line of any part of the transcript or record to which their pleadings, motions or other filings refer. Citations to documents already in the record, including declarations, exhibits, and any documents previously filed, must include a citation to the docket number and the page number (*e.g.*, Dkt. # __ at p. __) and citations to legal authority must include page numbers.

Local Rules W.D. Wash. LCR 10(e)(6).

Plaintiff's Motion for Sanctions (Dkt. 53) lacks necessary citations to the record. The motion refers broadly to the deposition transcripts of "Mr. Taylor" and "Eisen, Ogren, and Post." Dkt. 53, at 1–2. Plaintiff's only citation to these transcripts is as follows: "As the court can see from the exhibit transcripts to Dkt. 49, the objections were not only uncalled for but at times argumentative …." Dkt. 53, at 2.

The Court has reviewed Dkt. 49, which has deposition transcript excerpts from Plaintiff Tamble Taylor (Dkt. 49-4) and Mr. Chris Post (Dkt. 49-2)—but not Ms. Amy Orgen or Mr. Jacob Eisen. However, the Court observes that there are deposition transcript excerpts of Ms. Amy Orgen (Dkt. 48-8) and Mr. Jacob Eisen (Dkt. 48-2) in Dkt. 48. These filings do not appear to be complete transcripts of all the depositions to which the Motion for Sanctions refers. *See* Dkts. 48; and 49.

The Court cannot decide Plaintiff's Motion for Sanctions without complete transcript records of the various depositions at issue. The Court is not required to undertake a cumbersome review of the record when Plaintiff's Motion for Sanctions lacks citations to the record. *See*

Local Rules W.D. Wash. LCR 10(e)(6); s*ee also Simmons v. Navajo County,* Ariz., 609 F.3d 1011, 1017 (9th Cir. 2010) (internal citations omitted) ("a district court has no independent duty to scour the record").

Therefore, Plaintiff's Motion for Sanctions (Dkt. 53) should be denied without prejudice. If Plaintiff wishes to continue pursuing sanctions, he may file a motion with citations to the record.

**ORDER**

**THEREFORE**, it is **HEREBY ORDERED** that:

- Plaintiff's Motion to Amend Complaint (Dkt. 52), filed on February 27, 2020, is **RENOTED** as a Third Friday Motion for March 13, 2020; and

- Plaintiff's Motion for Sanctions (Dkt. 53) is **DENIED WITHOUT PREJUDICE** because it lacks necessary citations to the record.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of March, 2020.

*Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge