UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMBLE TAYLOR,

                Plaintiff,

v.

LOWE'S CORPORATION, a North Carolina corporation, doing business in Washington,

                Defendant.

CASE NO. 18-cv-5622-RJB

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM A DEADLINE

THIS MATTER comes before the Court on Plaintiff's Motion for Relief of a Deadline and Request Extention [*sic*] to Supplement Responsive Pleading ("Motion for Relief from a Deadline"). Dkt. 44. The Court is familiar with the motion, materials filed in support and opposition thereto, and the remainder of the record herein. For the reasons set forth below, Plaintiff's Motion for Relief from a Deadline should be granted.

## I.     FACTUAL BACKGROUND

On January 23, 2020, Defendant filed a Motion for Summary Judgment, originally noted for consideration on February 14, 2020. Dkt. 34. On February 11, 2020, Plaintiff untimely (one

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM A DEADLINE - 1

day late) filed a response brief in opposition to Defendant's Motion for Summary Judgment. Dkt. 37. On February 14, 2020, Defendant filed a reply brief in support of its Motion for Summary Judgment. Dkt. 41.

On February 19, 2020, Plaintiff filed the instant Motion for Relief from a Deadline (Dkt. 44) requesting permission "to file an additional supplemental brief to organize and correct Plaintiff' [*sic*] [response] brief." Dkt. 44-1, at 3. Plaintiff did not identify any errors in the pleadings, nor did Plaintiff provide a copy of the supplemental brief or any proposed corrections. Dkt. 44. Plaintiff contends that he has shown good cause for missing the deadline and for needing an additional week to correct his response brief. Dkt. 44-1.

In a prior order on the instant motion, the Court granted Plaintiff leave to file a copy of his proposed supplemental brief or amended pleadings, due no later than February 25, 2020. Dkt. 46. On February 25, 2020, Plaintiff filed a "Supplamental [*sic*] Response" ("Supplemental Response") in opposition to Defendant's Motion for Summary Judgment (Dkt. 34).

Defendant filed a response in opposition to Plaintiff's Motion for Relief from a Deadline. Dkt. 51. Defendant "agrees that organizing and correcting Plaintiff's preexisting Response … (Dkt. #37) would benefit the Court's summary judgment analysis," but contends that Plaintiff's Supplemental Response "does not simply seek to 'organize and correct' his Response Brief." Dkt. 51, at 2.

Defendant argues that:

> Plaintiff has substantially reworked virtually the entire brief, including without limitation: (1) adding six additional pages (it is now over length); (2) alleging substantive new arguments and legal theories, many of which are based on defenses Lowe's asserted in its Reply in Support of Lowe's Motion for Summary Judgment ("MSJ Reply Br.") only after Lowe's revealed its legal strategy playbook; and (3) attaching new exhibits including, but not limited

to, a new declaration from Plaintiff dated more than two weeks
after his Response Brief was initially due.

Dkt. 51, at 2.

On February 27, 2020, Plaintiff filed a Motion to Amend Complaint (Dkt. 52), which was renoted by the Court for consideration on March 13, 2020. Dkt. 54. Defendant's Motion for Summary Judgment is still pending before the Court and is ripe for consideration. Dkts. 34; and 46.

The single issue here is whether the Court should consider Plaintiff's overlength and untimely proposed "Plaintiff's Response to Defendant's Motion for Summary Judgment" (Dkt. 47) in considering the underlying "Defendant's Motion for Summary Judgment" (Dkt. 34).

## II. DISCUSSION

### A. RELIEF FROM A DEADLINE STANDARDS

Federal Rule of Civil Procedure 6(b)(1) provides:

**(1)** *In General.* When an act may or must be done within a specified time, the court may, for good cause, extend the time:

    **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

    **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1).

This rule, like all the Federal Rules of Civil Procedure, "[is] to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir. 1983) (quoting *Staren v. American Nat'l Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir. 1976)).

To determine whether a party's failure to meet a deadline constitutes excusable neglect, courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Ahanchian v. Xenon Pictures*, Inc., 624 F.3d 1253, 1260 (9th Cir. 2010). Excusable neglect "covers cases of negligence, carelessness and inadvertent mistake." *Bateman v U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

## B. RELIEF FROM A DEADLINE ANALYSIS

Plaintiff has demonstrated excusable neglect.

### 1. Danger of Prejudice to the Opposing Party

The risk of prejudice to Defendant is minimal. Although Defendant contends that its reply brief has "revealed its legal strategy playbook," this can be effectively remedied by granting Defendant leave to submit a supplemental reply. Plaintiff's Supplemental Response and Defendant's supplemental reply, if any, may help to decide this case on the merits.

Therefore, this factor weighs in favor of granting Plaintiff's Motion for Relief from a Deadline.

### 2. The Length of the Delay and Its Potential Impact on the Proceedings

The delay and impact on proceedings here is of serious concern to the Court. Defendant's Motion for Summary Judgment was originally ripe for consideration on February 14, 2020. Dkt. 34. Plaintiff's initial response brief was filed on February 11, 2020. Dkt. 37. Yet Plaintiff did not file the instant Motion for Relief from a Deadline until February 19, 2020—five days after the noting date and the filing of Defendant's reply brief. Dkts. 41; and 44. Plaintiff has since filed a Motion to Amend Complaint, which is not ripe for consideration until March 13, 2020. Dkt. 52.

The motions in limine deadline is March 31, 2020, the Pretrial Conference is set for April 17, 2020, and a jury trial is scheduled for April 27, 2020. Dkt. 32. Plaintiff's Motion for Relief from a Deadline has already complicated and delayed a decision on Defendant's Motion for Summary Judgment. The Court is anxious to consider and rule on the Motion for Summary Judgment in light of the pending trial and pretrial deadlines.

Although the delay here is relatively short, this factor weighs against granting Plaintiff's Motion for Relief from a Deadline.

### 3. The Reason for the Delay

Plaintiff claims that the delay was caused by a series of misfortunes recounted in Plaintiff's counsel's declaration. Dkt. 44-1. Plaintiff's counsel states that his mother suffered a stroke on January 20, 2020, he traveled to Alabama to care for her, he lacked access to secure internet during that time, his mother was robbed during her hospital stay and may have had her bank accounts compromised, then his mother suffered another stroke as he was returning home, and that Defendant filed its Motion for Summary Judgment "knowing that [he] would be out of town." Dkt. 44-1, at 3.

The Court is sympathetic to Plaintiff's counsel's family issues. What is unclear is just how much sympathy is called for. On balance this factor weighs in favor of granting Plaintiff's Motion for Relief from a Deadline.

### 4. Whether the Movant Acted in Good Faith

Local Rule 7 provides, in part:

> **(j) Motions for Relief from a Deadline**
>
> A motion for relief from a deadline should, whenever possible, be filed sufficiently in advance of the deadline to allow the court to rule on the motion prior to the deadline. Parties should not assume that the motion will be granted and must comply with the existing deadline unless the court orders otherwise.

> If a true, unforeseen emergency exists that prevents a party from meeting a deadline, and the emergency arose too late to file a motion for relief from the deadline, the party should contact the adverse party, meet and confer regarding an extension, and file a stipulation and proposed order with the court. Alternatively, the parties may use the procedure for telephonic motions in LCR 7(i). It is expected that if a true emergency exists, the parties will stipulate to an extension.

Local Rules W.D. Wash. LCR 7(j).

Plaintiff's counsel's declaration provides that he returned home to Washington on Saturday, February 8, 2020, and, "I knew at that point I did not [*sic*] enough time, [*sic*] to write the response I wanted." *See* Dkt. 44-1, at 3. The declaration adds, "I filed my response on February 11, 2020. *I waited a couple of days* and tried to clean up my brief as much as I could and make sure my citations to the record were accurate. They were not." Dkt. 44-1, at 3 (emphasis added). Plaintiff's counsel does not explain why, contrary to the guidance of Local Rule 7(j), he waited more than a week to notify the Court that he needed an extension of time and that there were errors in his briefing that he was apparently aware of. *See* Dkts. 44; and 44-1.

In light of the distressing experiences described by Plaintiff's counsel, it appears Plaintiff's counsel did not act in bad faith in the traditional sense. (Black's Law Dictionary 9th Edition defines bad faith as "dishonesty of belief or purpose.") However, the Ninth Circuit has a more expansive definition of good and bad faith: "A party demonstrates bad faith by delaying or disrupting the litigation or hampering enforcement of a court order." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). That definition is consistent with *In re Agric. Research & Tech. Grp., Inc.,* 916 F.2d 528, 536 (9th Cir. 1990) ("[C]ourts look to what the transferee objectively 'knew or should have known' in questions of good faith, rather than examining what the transferee actually know from a subjective standpoint."). Certainly, Plaintiff's counsel should have known and followed the Court rules, and it is clear that Plaintiff's counsel's dilatory

ORDER GRANTING PLAINTIFF'S MOTION FOR RELIEF FROM A DEADLINE - 6

conduct and untimely response brief put his client's case at risk and has delayed deciding Defendant's Motion for Summary Judgment.

Although a close call, in spite of Plaintiff's counsel's errors, it appears that the movant acted in good faith, so this factor weighs for granting Plaintiff's Motion for Relief from a Deadline.

### 5. Conclusion

Analysis of the factors above yields mixed results. However, primarily in light of the good cause reasons for delay described by Plaintiff's counsel, the Court concludes that Plaintiff has demonstrated excusable neglect and his Motion for Relief from a Deadline should be granted. Plaintiff's counsel's negligence, carelessness, and inadvertent mistakes should not, and do not, trump the findings of excusable neglect.

Therefore, the Court should strike Plaintiff's initial response brief (Dkt. 37); Plaintiff's Amended Response (Dkt. 47) should be considered Plaintiff's operative response brief in opposition to Defendant's Motion for Summary Judgment. Defendant should be granted leave to file a supplemental reply brief in support of its Motion for Summary Judgment, due no later than March 13, 2020.

To conserve the resources of the parties and the Court, Defendant's Motion for Summary Judgment should be renoted for consideration contemporaneously with Plaintiff's pending Motion to Amend Complaint. Therefore, Defendant's Motion for Summary Judgment should be renoted for consideration on March 13, 2020.

### III. ORDER

**THEREFORE**, it is **HEREBY ORDERED** that:

- Plaintiff's Motion for Relief from a Deadline (Dkt. 44) is **GRANTED**;

- o Plaintiff's Response (Dkt. 37) is **STRICKEN**;
- o Plaintiff's Amended Response (Dkt. 47) is the operative response brief filed in opposition to Defendant's Motion for Summary Judgment (Dkt. 34);
- o Defendant is granted leave to file a supplemental reply brief in support of its Motion for Summary Judgment (Dkt. 34), due no later than **March 13, 2020.**
- Defendant's Motion for Summary Judgment is **RENOTED** for consideration on **March 13, 2020.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of March, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge