UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TAMBLE TAYLOR,<br><br>                     Plaintiff,<br>     v.<br><br>LOWE'S CORPORATION, a North Carolina corporation, doing business in Washington,<br><br>                     Defendant. | CASE NO. 18-cv-5622-RJB<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT |

THIS MATTER comes before the Court on Plaintiff's Motion for Leave to Amend Complaint. Dkt. 63. The Court is familiar with the record herein and has reviewed the motion and documents filed in support and opposition thereto. For the reasons set forth below, the Court should deny Plaintiff's Motion for Leave to Amend Complaint.

**I.    FACTUAL BACKGROUND**

On February 27, 2020, Plaintiff filed an unsigned Motion to Amend Complaint. Dkt. 52. The signature block of Plaintiff's initial Motion for Leave to Amend Complaint was not signed or dated by Plaintiff's counsel. Dkt. 52, at 4. The Court granted Plaintiff leave to correct the

deficiency and file a signed copy of the motion in accordance with Fed. R. Civ. P. 11(a). Dkt. 62. On March 17, 2020, Plaintiff filed a signed copy of the Motion for Leave to Amend Complaint dated February 26, 2020. Dkt. 63. As ordered below, the signed motion (Dkt. 63) replaces the unsigned motion (Dkt. 52) and is the operative version of the instant Motion for Leave to Amend Complaint.

Plaintiff briefly states that the basis for the Motion to Amend Complaint is to "clear some confusion regarding the claim for retaliation that is already in the complaint and to add claims and parties and to add parties." Dkt. 63, at 2. The parties dispute whether Plaintiff's initial complaint includes a retaliation claim. *E.g.,* Dkts. 63, at 2:13–14; and 60, at 9.

Plaintiff's Motion for Leave to Amend Complaint seeks to add six claims: (1) "Intentional Infilction [*sic*] of Emotional Distress," (2) "Outrage," (3) "Unlawful Retaliation [*sic*]", (4) "Violation of Racketeer Influenced and Corrupt Organization (RICO)", (5) "Negligent Investigation," and (6) "Unlawful Harassment."[1] Dkts. 63; and 52-1, at 7.

Plaintiff seeks to add as parties "former Employees [*sic*], Mr. Eisen, Mr. Post, Mrs. Ogren, Graham. current [*sic*] employees, Mrs. Sutherland, and Mr. Beseecher." Dkt. 63, at 2–3.[2] Although Plaintiff's proposed Amended Complaint discusses these individuals with respect to various claims, it does not include them in the description of "Parties" and offers no discussion of them with respect to the Court's jurisdiction over them. Dkt. 52-1, at 1–2 (emphasis removed).

---

[1] Plaintiff's Motion for Leave to Amend Complaint omits any mention or discussion of the Unlawful Harassment claim that Plaintiff added to the proposed Amended Complaint. *Compare* Dkt. 63, *with* 52-1, at 7.

[2] Plaintiff's Reply provides that, "[w]ith the Courts' [*sic*] permission, Plaintiff would like to add a perjury claim against Eisen, Post, and Ogren to its amended complaint to be considered on March 13, 2020." Dkt. 58, at 13. Plaintiff's Reply contains an attached second proposed Amended Complaint with added perjury claims against not only "Eisen, Post, and Ogren" (Dkt. 58, at 13) but also "Amy Sutherland[] and Jonathan Graham." Dkt. 59-3, at 7. The Court need not and should not consider Plaintiff's request because it is not sufficiently briefed and has not been properly brought before the Court by motion.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 2

Defendant filed a response in Opposition to Plaintiff's Motion to Amend Complaint to Add Claims and Parties ("Response"). Dkt. 56. Plaintiff filed a Reply in support of the Motion for Leave to Amend Complaint. Dkt. 58.

## II. DISCUSSION

Fed. R. Civ. P. 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Courts may consider a number of factors, including undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to opposing parties, harm to the movant if leave is not granted, and futility of the amendment. *Foman v. Davis*, 37 U.S. 178, 182 (1962); *Martinez v. Newport Beach City*, 125 F.3d 777, 785 (9th Cir. 1997). "A motion to amend under Rule 15(a)(2) 'generally shall be denied only upon showing of bad faith, undue delay, futility, or undue prejudice to the opposing party.'" *Chudacoff v. University Medical Center of Southern Nevada,* 649 F.3d 1143, 1152 (9th Cir. 2011)).

Defendant makes five primary arguments against granting leave to amend: "First, Plaintiff's delay is indefensible." Dkt. 56, at 2. "Second, … Plaintiff's proposed amendments set forth no specific facts that warrant amendment." Dkt. 56, at 2. "Third, plaintiff's proposed claims are futile." Dkt. 56, at 2. "Fourth, Defendant would be prejudiced if Plaintiff is permitted to amend his pleadings at this late stage in the case. If Plaintiff is allowed to amend now it would necessitate re-opening discovery[.]" Dkt. 56, at 3. "Fifth, Plaintiff's Motion to Amend …. is untimely." Dkt. 56, at 3.

Plaintiff's Reply discusses Defendant's arguments and touches on some of the factors that courts may consider, but Plaintiff generally argues that amendments to pleadings are to be freely

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 3

given when justice so requires and "[do] not require proving explanations, futility, proof, timeliness, facts that compel these changes, or good cause." Dkt. 58, at 2.

Plaintiff's Motion for Leave to Amend Complaint should be denied because of undue delay and undue prejudice to Defendant. Although Defendant's other arguments may have merit, they need not all be discussed by the Court at this time.

### 1. UNDUE DELAY

Plaintiff's explanation of why he waited until this late hour to file the instant motion is unpersuasive. Plaintiff's primary explanation and justification for seeking leave to amend is that he recently reviewed depositions apparently taken in November and December 2019. *See, e.g.*, Dkt. 58, at 2; *see generally* Dkts. 53 (providing Plaintiff's Motion for Sanctions, filed on March 2, 2020, in which Plaintiff alleges Defendant's counsel made excessive and unwarranted objections at various depositions); and 48 & 49 (providing various transcript excerpts of depositions apparently taken in 2019). Plaintiff—still—has not provided complete records or transcripts of the depositions at issue. *See* Dkt. 54, at 4-5 ("The Court cannot decide Plaintiff's Motion for Sanctions without complete transcript records of the various depositions at issue. The Court is not required to undertake a cumbersome review of the record when Plaintiff's Motion for Sanctions lacks citations to the record.").

Plaintiff provides no explanation as to why he waited approximately a quarter-year to review these deposition transcripts for information that may have been useful to his case and to bring forth a motion to amend. Plaintiff provides no justification as to why he waited until after the discovery deadline (January 2, 2020) and dispositive motions deadline (January 29, 2020). *See generally* Dkt. 32 (providing the pretrial and trial scheduling order). Nor does Plaintiff provide any justification as to why he waited until after Defendant filed a still pending Motion

for Summary Judgment, to which Plaintiff untimely filed a response and Defendant timely replied. *See* Dkts. 34; 37; and 41. It appears that Plaintiff could have reviewed the deposition transcripts well in advance of the deadlines and occurrences described above but did not do so.

Therefore, Plaintiff's conduct demonstrates undue delay. *See Rush v. Pier 1 Imports Inc.*, 592 F. App'x 609, 610 (9th Cir. 2015) (affirming a district court's order denying a plaintiff leave to amend her complaint after the close of discovery and after defendants had filed summary judgment motions).

**2. UNDUE PREJUDICE**

Reopening discovery and vacating the looming trial date (April 27, 2020) would cause undue prejudice to Defendant. *See id.* (affirming a district court's order concluding that defendants would be prejudiced if the court vacated a near-term trial date and reopened discovery). Plaintiff's proposed amended complaint seeks to add numerous claims and parties to the case—after the close of discovery and after Defendant filed a Motion for Summary Judgment, which has been fully briefed by the parties. Defendant's Response provides that "Plaintiff's Motion to Amend seeks to dramatically increase the number of claims and parties to this lawsuit. Addressing these claims would require substantial modifications to the case status, including re-opening discovery and pushing back all corresponding deadlines." Dkt. 56, at 6.

The Court agrees with Defendant. Moreover, Plaintiff's minimization of the undue prejudice that would be caused by disrupting the case schedule and reopening discovery at this late stage is flatly unpersuasive: "If Defendant wants to take seven more depositions, Defendant is more than welcome." Dkt. 58, at 3.

Therefore, granting Plaintiff's Motion for Leave to Amend Complaint would cause Defendant undue prejudice.

ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT - 5

### 3. CONCLUSION

Therefore, Plaintiff's Motion for Leave to Amend Complaint (Dkt. 63) should be denied because of undue delay and undue prejudice.

### III. ORDER

THEREFORE, it is HEREBY ORDERED that:

- Plaintiff's signed version of the Motion for Leave to Amend Complaint (Dkt. 63) replaces the unsigned version (Dkt. 52). The unsigned Motion for Leave to Amend Complaint (Dkt. 52) is **STRICKEN.**

- Plaintiff's Motion for Leave to Amend Complaint (Dkt. 63) is **DENIED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of March, 2020.

*[signature]*

ROBERT J. BRYAN
United States District Judge